# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:10-cv-171-RJC

| | | |
|---|---|---|
| **CHRIS SCHOWERTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **FNU KONING, FNU PEERING, and** | ) | |
| **FNU COFFEE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's *pro se* Complaint filed pursuant to 42 U.S.C. § 1983.  (Doc. No. 1).

## I.    FACTUAL BACKGROUND

Plaintiff is an inmate at Alexander Correctional Institution.  He asserts that he is both a Buddhist and a diabetic and that from October 9, 2010 through October 19, 2010, he was not given his "special diet mtn3/vegan" diet.  (Doc. No. 1 at 3).  Consequently, he suffered diabetes related symptoms, including shaking and extreme fluctuations in his blood sugar levels.  (Id.) Plaintiff seeks $100,000 in damages from Defendants.  (Id. at 4).

## II.    STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law.  Section 1983 applies to violations of federal constitutional rights, as well as certain limited  federal statutory rights.  See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim).

Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff has failed to exhaust his administrative remedies. See 42 U.S.C. § 1997e(a) (2006) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

## III. DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), as amended, prisoners must exhaust "such administrative remedies as are available" prior to filing suit in federal court challenging prison conditions. 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and unexhausted claims cannot be brought in federal court. Jones v. Bock, 549 U.S. 199, 211 (2007); see also Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005). Further, the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," Porter v. Nussle, 534 U.S. 516, 532 (2002).

Here, it is apparent from Plaintiff's filings that he did not exhaust his administrative remedies prior to filing his Complaint on November 3, 2010. Plaintiff filled out the standard form for prisoners filing a § 1983 civil rights complaint in the United States District Court for

the Western District of North Carolina ("standard form"). (Doc. No. 1). Section III of the standard form requests information regarding exhaustion of inmate administrative remedies.[1] (Id. at 2). In that section, Plaintiff stated that he had filed an inmate grievance on October 19, 2010, but that he had not appealed an adverse decision to the highest level possible in the administrative remedy process, and that he "[didn't] know why" he had not done so. (Id.). Additionally, when ordered to file a sworn statement showing either exhaustion of administrative remedies or that no grievance procedure existed with respect to the allegations in his Complaint, (Doc. No. 2), Plaintiff filed a sworn statement that he had not exhausted his administrative remedies. (Doc. No. 3). Finally, on December 8, 2010, Plaintiff filed copies of the Step One and Step Two responses to his October 19, 2010 grievance, which indicate that he did not appeal the Step One response until November 5, 2010, two days after he had filed the instant Complaint. (Doc. No. 4: Form DC-410A). Furthermore, the Step Two response shows that Plaintiff agreed with that response and did not appeal to the highest administrative remedy body, the Secretary of the Department of Correction. (Id.).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's § 1983 Complaint, (Doc. No. 1), is **DISMISSED without prejudice** for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

---

[1]The North Carolina Department of Correction provides a three-step administrative remedy procedure for prisoner complaints. Div. of Prisons, Policy and Procedure Manual, Chapter G § .0300 (Sept. 24, 2007), *available at* http://www.doc.state.nc.us/dop/policy procedure_manual/G.0300_09_24_07.pdf. Step One allows for the filing of grievances on a "Form DC-410." Id. at § .0310(a)(1). If the inmate is not satisfied with the response to his grievance, he may appeal to the prison administrator for review (Step Two). Id. at § .0310(b)(1). If the inmate is not satisfied with the Step Two response, he may appeal to the Secretary of the Department of Correction through the Inmate Grievance Resolution Board. Id. at § .0310(c).

Signed: December 5, 2011

Robert J. Conrad, Jr.
Chief United States District Judge